May Term,
1851.

THE MADISON INSURANCE COMPANY *v.* FORSYTHE.

There has been, since *February,* 1840, a statute law of this state making illegal the issue of small bills or notes, other than bank bills, intended to be used as a circulating medium.

A contract, in which such illegal small bills or notes form the consideration, is illegal and void; and the collection of a debt resting wholly on such a consideration cannot be enforced.

ERROR to the *Jefferson* Circuit Court.

Tuesday,
May 27.

SMITH, J.—Debt by the plaintiff in error against the defendant in error, *David Forsythe,* and one *Williams.* The declaration contains two counts. The first is upon a promissory note made by the said *Forsythe* and *Williams* on the 1st of *March,* 1841, payable to the insurance company five months after said date, for 468 dollars and 90 cents. The second count is for a like sum borrowed by the defendant of the plaintiff on the 1st of *August,* 1841. Plea, the general issue. The cause was submitted to the Court for trial, and the judgment was for the defendant.

The evidence is set out in a bill of exceptions. The plaintiff gave in evidence a note corresponding with the note described in the declaration, and rested.

The defendants then proved that on the 31st of *August,* 1840, the said *Madison Insurance Company* discounted for the said *John F. Forsythe* a bill of exchange for 1,000 dollars, dated *August* 28, 1840, and payable four months thereafter, paying the said *Forsythe,* in consideration of the purchase of said bill, 960 dollars in notes for the payment of one, two, five, and ten dollars each, signed by *Victor King* and others, of which the following is a specimen:

" In *Indiana, Illinois,* or *Ohio* bank notes, we promise to pay *S. C. King,* or bearer, one dollar on demand at our office in *Madison, Indiana. January* 1, 1840.

" *George Leonard,*  *Victor King,*

" *John King,*  *John Woodburn.*"

The bill of exchange was drawn for the purpose of procuring a loan to the said *Forsythe* from said insurance company, and the above described notes were given to

him instead of money, and for the purpose of being put in circulation as such.

On the 10th of *January*, 1841, *Forsythe*, satisfied the bill of exchange by paying the insurance company 508 dollars and 33 cents, and giving the company a note for the payment of 500 dollars sixty days after date, signed by himself, *David Forsythe*, and *Jesse Williams*.

This last mentioned note was renewed by means of the note now sued upon.

The defence relied upon, and which was sustained by the Court below, was, that the issuing of the notes of *King*, *Woodburn*, and *Co.*, to the defendant was prohibited by the statute of the state, and that, therefore, the consideration, upon which the note now sued upon was founded, was illegal.

An act, approved *February* 24, 1840, entitled " an act to prohibit the issuing or circulation of small notes, commonly called ' shin plasters,'" prohibited the circulating and issuing of small bills, "issued by individuals, companies, or corporations in the state, payable to bearer or any other person or institution, for the purpose of passing such as circulating medium, or as a substitute for small bank notes," under a penalty of double the amount of each bill so issued, to be recovered by an action of debt in the name of the state. This act was in force in *August*, 1840, when the debt, upon which the note now sued for was founded, was contracted by *Forsythe* in consideration of the issuing to him of the notes of *King*, *Woodburn*, and *Co.* If those notes were of the species prohibited by the act just cited, it is quite clear that the contract was illegal and void, and that the collection of a debt resting wholly on such a consideration cannot be enforced.

The witness who testified to the facts before mentioned, also stated that the *Madison Insurance Company*, and the firm composed of *King*, *Woodburn*, and *Co.*, kept their offices together in the same rooms, and that the former company obtained the notes of the latter, by placing in their stead an equal amount of current bank notes as a

fund wherewith to redeem them. From these facts it is agreed that the bank notes so delivered to *King, Woodburn, and Co.*, may be regarded as the real consideration of the debt of *Forsythe*, but the evidence does not show that *Forsythe* was privy to the arrangement or contract by which the *Madison Insurance Company* obtained the notes loaned to him, and it is unnecessary to consider what effect, if any, his knowledge or participation in that contract would have had upon his liability in this suit.

The phraseology of the act above referred to is not such as to afford a perfectly clear definition of the kinds of bills or notes intended to be prohibited. The terms " shin plasters" and " small bills" or " small notes," have not, perhaps, any established definitions. But, we think, the object of the legislature was to prevent the circulation of any and all bills or notes intended and issued to be used as a circulating medium, in place of or as a substitute for bank notes, and this seems to have been the precise purpose for which the notes in question were prepared and issued.

In *January*, 1841, another act was passed (R. S. p. 1042) which appears to have been intended to correct the obscure phraseology of the former act. All bills of any denomination whatever, issued by any individual, company, or corporation, in this state, other than the state bank, for the purpose of being used as a circulating medium, or as a substitute for bank notes, and all contracts based upon such, are declared absolutely void.

This last mentioned act was continued in force by section 19, c. 59, of the R. S. of 1843. There has, therefore, been since *February*, 1840, a statute law of· the state making the issue of small bills or notes, other than bank bills, intended to be used as a circulating medium, illegal, and, we think, the Circuit Court rightly decided that the notes in question were of that character.

*Per Curiam.*—The judgment is affirmed.

*J. G. Marshall, M. G. Bright,* and *J. D. Glass* for the plaintiff.

*F. M. Finch,* for the defendant.